# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHAWN HAWKINS,

      Petitioner,

Case No. C-1-97-296

  -vs-

District Judge Susan J. Dlott
Chief Magistrate Judge Michael R. Merz

RALPH COYLE, Warden,

      Respondent.

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This capital habeas corpus case is before the Court on Petitioner's Request for a Certificate of Appealability (Doc. No. 221) and Respondent's Memorandum in Opposition (Doc. No. 223).

A person in custody upon a state conviction seeking to appeal an adverse ruling on a petition for writ of habeas corpus in the district court must obtain a certificate of appealability before proceeding. 28 U.S.C. §2253 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), provides in pertinent part:

> (c)
> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a

>constitutional right.
>
>(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

District courts have the power to issue certificates of appealability under the AEDPA in §2254 cases. *Lyons v. Ohio Adult Parole Authority*, 105 F. 3d 1063 (6th Cir. 1997); *Hunter v. United States*, 101 F. 3d 1565 (11th Cir. 1996)(en banc). Likewise, district courts are to be the initial decisionmakers on certificates of appealability under §2255. *Kincade v. Sparkman*, 117 F. 3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States*, 107 F. 3d 1011, 1017 (2d Cir. 1997). Issuance of blanket grants or denials of certificates of appealability is error, particularly if done before the petitioner requests a certificate. *Porterfield v. Bell,* 258 F. 3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001).

    To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, 120 S. Ct. at 1604, citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a

substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473 at 484 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> Obviously the petitioner need not show that he should prevail on the merits... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322, (2003). A certificate of appealability is not to be issued pro forma or as a matter of course. *Id.* at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F. 3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F. 3d 484 (6th Cir. 2001).

The Petition in this case pleads twenty-seven grounds for relief. The Magistrate Judge

-3-

recommended granting relief on one ground and denying it on the remaining twenty-six and District Judge Dlott adopted that recommendation (Doc. No. 216). Petitioner seeks to appeal only seven of the twenty-six grounds on which he was denied relief. The grounds are considered seriatim below.

### Third Ground for Relief

In his Third Ground for Relief, Petitioner asserted he was prejudiced by the repeated misconduct of the State regarding Keith Miree. In rejecting this Ground for Relief, Judge Dlott analyzed separately the many sub-claims Petitioner made in support of this Ground and on which Petitioner had objected to the Magistrate Judge's recommended disposition.

In now seeking a certificate of appealability, Petitioner emphasizes that the prosecutor's misconduct in placing Hawkins' supposed confession to Miree before the jury without intending to call Miree planted a misimpression in the jury's mind which striking the testimony and a curative instruction could not erase. While the Court remains persuaded that those curative measures were sufficient, it concedes that a reasonable jurist could disagree. Petitioner should, therefore, be granted a certificate of appealability on this sub-claim.

Petitioner seeks to appeal also from the Court's decision that there is no proof that Miree took an active role in eliciting statements from Hawkins. The Memorandum argues that "Miree's sworn and unrefuted affidavit shows that the police took an active role to elicit Miree's help to use against Hawkins." (Memorandum at 5.) However, Petitioner provides no record reference to any such affidavit which, in any event, is uncross-examined hearsay; Miree did not testify at the evidentiary hearing in this case. No certificate of appealability should issue on this sub-claim.

Finally, Petitioner seeks to appeal from this Court's denial of relief on the portion of this Third

Ground for Relief which claimed the State failed to disclose to Petitioner's counsel that Petitioner, in speaking with Miree, had denied any involvement in the murders. The Magistrate Judge recommended denying this claim because the information was readily available from Hawkins himself; Judge Dlott agreed. In his Motion, Petitioner makes no response to this conclusion and should accordingly not be granted a certificate of appealability on this portion of Ground Three.

### Fourth Ground for Relief

In his Fourth Ground for Relief, Petitioner claimed that the State's misconduct with respect to the bloody fingerprint denied him his constitutional rights. The Court concluded in denying this Ground for Relief that the information which Petitioner asserts would have impeached this identification evidence which was not disclosed to Petitioner was not material.

While the Court remains persuaded that its conclusion is correct, considerations of judicial modesty suggest that other reasonable jurists might disagree. To put it another way, the problems with this evidence are not so clearly immaterial that a judge who found them material would be acting unreasonably. A certificate of appealability should be granted on the Fourth Ground for Relief.

### Seventh Ground for Relief

In his Seventh Ground for Relief, Petitioner claimed numerous violations of *Brady v. Maryland*, 373 U.S. 83 (1963), all of which were rejected by the Magistrate Judge and District Judge Dlott.

With respect to the undisclosed information about Henry Brown, the State's eyewitness, the

Court remains persuaded of the correctness of its conclusions, but concludes that reasonable jurists could disagree. Petitioner should be granted a certificate of appealability on this sub-claim, except for the results of the polygraph tests on Brown, which would never have been admissible.

With respect to the undisclosed information about Howard Johnson and Robbie Burns, the Court concluded that none of that information was material because neither of them was a viable suspect in the murders. In arguing for appealability on this sub-claim, Petitioner merely re-argues the alleged inconsistencies within Johnson's different statements. Those inconsistencies, however, do not show that he was a viable alternative suspect. A certificate of appealability should be denied on this sub-claim.

With respect to the blood found near the driver's side footrest, the jury was plainly told that it was in a place where the shoe of someone in the driver's seat would have been in it and that Hawkins' shoes tested negative for blood. The Court is not persuaded that one more piece of evidence that it looked like a shoe print was material and Petitioner should be denied a certificate of appealability on this sub-claim.

In adopting the Magistrate Judge's recommendation on the sub-claim related to the .25 caliber gun box, Judge Dlott expressed some possible reservation.[1] While the Court ultimately concluded it was not material, reasonable jurists could differ and a certificate of appealability should be granted on this sub-claim.

---

[1] "The most troubling testimony was given by Shawn Brown, Henry Brown's sister, that she had seen Hawkins with a gun matching the diagram of the .25 caliber gun stored in the gun box in or about May 1989. (T.p. 1368-70.) A juror might have misunderstood Shawn Brown to be testifying that she had seen Hawkins with the gun originally stored in the gun box. That would have been impossible as the gun from the gun box was in police custody." (Order, Doc. No. 216 at 68).

**Eleventh Ground for Relief**

In his Eleventh Ground for Relief, Petitioner asserts that denial of a mistrial based on prosecutorial misconduct denied him his constitutional rights. Petitioner's claim here is not that any one of these acts of misconduct required a mistrial, but that their cumulative effect was sufficiently prejudicial that a mistrial was required.

While the Court remains persuaded of its conclusion that failure to declare a mistrial was not contrary to or an unreasonable application of clearly established federal law, it concedes that reasonable jurists could disagree, especially in light of the trial judge's immediate criticism of the injection of the supposed confession to Miree and the Ohio Supreme Court's criticism of the prosecutor's injection of personal opinion. A certificate of appealability should be granted on this Ground for Relief.

**Twenty-Fifth Ground for Relief**

In his Twenty-Fifth Ground for Relief, Petitioner asserts that the State's misconduct with respect to Henry Brown violated his constitutional rights. He particularly complains of the failure to disclose Brown's juvenile record, information learned from Brown during meetings in 1989, and his failure of two polygraph tests.

For the reasons set forth in Judge Dlott's decision, the Court remains persuaded that none of these failures impeded counsel's ability to thoroughly cross-examine Henry Brown. The jury was told by the prosecutor from voir dire forward that Henry Brown had made inconsistent statements and indeed been shown to be a liar. No reasonable jurist would conclude that the additional information

which Petitioner now claims he should have had would have made a difference in the trial.  A certificate of appealability should be denied on this Ground for Relief.

**Twenty-Sixth Ground for Relief**

In his Twenty-Sixth Ground for Relief, Petitioner claims that preparation and consideration by the trial judge of a presentence investigation report in this case which Petitioner's counsel did not see violated his constitutional rights.

While the parties stipulated that the PSI was prepared in violation of Ohio law and the Court has found that Petitioner's due process rights were violated thereby, the Court also found the claim was procedurally defaulted and Petitioner could not show sufficient prejudice to overcome the default because the jury and both appellate courts, in weighing the aggravating circumstances against the mitigating factors, did not see this PSI.  Reasonable jurists would not disagree with that conclusion.  Therefore, Petitioner should be denied a certificate of appealability on this Ground for Relief.

**Twenty-Seventh Ground for Relief**

In his Twenty-Seventh Ground for Relief, Petitioner asserts the state trial court violated his constitutional rights when it refused to disclose and seal Henry Brown's juvenile records.

In adopting the Magistrate Judge's recommendation to deny this Ground for Relief, Judge Dlott concluded that defense counsel had sufficient information about Henry Brown to cross-examine him effectively and that the additional information in his juvenile records would not have added significantly to that information.

While the Court remains persuaded of the correctness of its conclusion, it concedes that reasonable jurists could disagree. Therefore Petitioner should be granted a certificate of appealability on this Ground for Relief.

November 29, 2005.

s/ **Michael R. Merz**<br>
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).