IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHAWN HAWKINS, | : | Case No. 1:97-cv-296 |
| | : | |
| Petitioner, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | Chief Magistrate Judge Michael R. |
| | : | Merz |
| RALPH COYLE, Warden, | : | |
| | : | ORDER ADOPTING IN PART |
| Respondent | : | REPORT AND |
| | : | RECOMMENDATION AND |
| | : | GRANTING CERTIFICATE OF |
| | : | APPEALABILITY ON |
| | : | PETITIONER'S THIRD |
| | : | (PARTIAL), FOURTH, SEVENTH |
| | : | (PARTIAL), ELEVENTH, AND |
| | : | TWENTY-SEVENTH GROUNDS |

This matter comes before the Court on the Magistrate Judge's Report and Recommendation

on Petitioner's Request for Certificate of Appealability ("R&R") pursuant to 28 U.S.C. § 2253(c)

(doc. #225) and Petitioner Hawkins and Respondent Coyle's Objections (docs. ##s 227, 228) to the

R&R.[1]  For the reasons below, the Court **ADOPTS** the R&R (doc. #225) **IN PART** and **GRANTS**

Petitioner a Certificate of Appealability on the first and second sub-claims of his Third Ground for

relief; his Fourth Ground, a portion of the first sub-claim of his Seventh Ground;[2] and his Eleventh

and Twenty-Seventh Grounds.

---

[1] Because the Court has determined that the questions presented by Hawkin's Request can be resolved on the papers, it **DENIES** Hawkins' request for oral argument (doc. #227 at 1).

[2] This sub-claim alleges, in substance, that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose certain information on State's witness Henry Brown.  (See, e.g., doc. #225 at 5-6.) Per the Magistrate's recommendation, Petitioner's certificate of appealability on this sub-claim does not extend to Brown's polygraph test results.  (Id.)

## I.    BACKGROUND

Hawkins seeks to appeal portions of this Court's July 19, 2005 Order[3] (doc. #216) granting Hawkins' Amended Petition for Writ of Habeas Corpus as to Hawkins' Second Ground for relief, but denying the Petition as to Hawkins' other twenty-six grounds.  (Doc. #221.)  Specifically, Hawkins requests a certificate of appealability ("COA") on the Third, Fourth, Seventh, Eleventh, Twenty-Fifth, Twenty-Sixth, and Twenty-Seventh Grounds for relief presented in his Amended Petition.  (Id.)  In his R&R, the Magistrate recommends granting a COA as to the first sub-claim of Hawkins' Third Ground, his Fourth Ground, a portion of the first sub-claim of his Seventh Ground,[4] and his Eleventh and Twenty-Seventh Grounds, but denying a COA as to the remainder of Hawkins' Third and Seventh Grounds and his Twenty-Fifth and Twenty-Sixth Grounds.  (Doc. #225.) Hawkins, unsurprisingly, objects to only those portions of the R&R discussing grounds on which the Magistrate recommends denying a COA.  (Doc. #227 at 4-16.)  Respondent requests that the Court overrule Hawkins' objections, but does not renew his initial opposition to a COA on the grounds recommended by the Magistrate.  (Doc. #228 at 4-5.)

## II.    ANALYSIS

To obtain a certificate of appealability on his dismissed claims, a habeas petitioner must make a "substantial showing of the denial of a constitutional right" as to each issue or claim he wishes to appeal.  See 28 U.S.C. §§ 2253 (c)(2), (c)(3).  A certificate may issue for any claim or sub-

---

[3] Respondent has also noticed an appeal (see doc. #218), but only Petitioner must obtain a certificate of appealability.

[4] This portion concerns the prosecution's failure to disclose certain information about State's witness Henry Brown.  See infra note 1.

2

claim dismissed on the merits[5] if "jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right" or– in other words–"would find the district

court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S.

473, 484 (2000). Courts should make "individualized determination[s]" as to each of the claims a

petitioner seeks to appeal, and evaluate any procedural grounds for dismissal before turning to the

merits. Porterfield v. Bell, 258 F.3d 484 (6th Cir. 2001); Slack, 529 U.S. at 485.

The Court, having reviewed its original disposition of the relevant claims in the context of

the standards above, hereby **ADOPTS** without further discussion those portions of the Magistrate's

R&R (doc. #225) recommending that this Court issue a COA as to the first sub-claim of Hawkins'

Third Ground; his Fourth Ground; a portion of the first sub-claim[6] of his Seventh Ground; and his

Eleventh and Twenty-Seventh Grounds. The following discussion therefore concerns only those

claims as to which the Magistrate recommends, over Hawkins' objections, denying a COA: the

second sub-claim of Hawkins' Third Ground for Relief;[7] Hawkins' Seventh Ground, other than that

portion of the first sub-claim for which the Magistrate recommended a COA; and Hawkins' Twenty-

Fifth and Twenty-Sixth Grounds.

    **A.**    **Third Ground (second sub-claim)**[8]

---

[5] To obtain a certificate on claims dismissed on procedural grounds, a habeas petitioner must also show that "jurists of reason would find it debatable whether the district court was *correct* in its procedural ruling." Id. (emphasis added).

[6] See infra note 1.

[7] Hawkins has not objected to the denial of a COA on the third sub-claim of his Third Ground for Relief. See infra note 8.

[8] The Magistrate also recommended denying a COA on Hawkins' third sub-claim regarding the State's failure to disclose to Hawkins' counsel that Hawkins, in speaking with Miree, had denied involvement in the murders. Because Hawkins did not challenge the Court's rationale for denying

Hawkins first challenges the Magistrate's recommendation that this Court deny a certificate on the second sub-claim of his Third Ground for Relief.  The subclaim asserts that the State improperly used Keith Miree to elicit a jailhouse confession from Hawkins in violation of Hawkins' Sixth Amendment right to counsel and then failed to disclose their use of Miree–and promises of leniency to Miree–to defense counsel.  (See, e.g., doc. #227 at 4-6; doc. #221 at 4-6.)  As this Court emphasized in its Order denying Hawkins' habeas petition on this ground, to establish a Sixth Amendment violation in these circumstances, a petitioner "must demonstrate that the police and their informant took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks.  (Doc. #216 at 50, citing Kuhlmann v. Wilson, 477 U.S. 436, 459 (1986)).

Hawkins has no direct, admissible evidence of active solicitation.  He cites only an affidavit of Miree's that is inadmissible hearsay, as well as circumstantial testimony by Hamilton County Sheriff's Sergeant Thomas Boeing and former Detective Al Schaefer.  (Doc. #216 at 50; doc. #225 at 4.)  Boeing testified, *inter alia*, that he offered to help Miree with Miree's robbery charges and then told a trial judge–who subsequently lowered Miree's bond–that he believed Miree was not involved in the robbery and was assisting with a murder investigation.  (See, e.g., doc. #216 at 50.) Schaefer testified he was told Miree had information from Hawkins concerning where Hawkins had hidden the gun, and that arrangements were made to release Miree from jail in exchange for this information.  (See, e.g., id.)

As the Court noted in its July Order, these facts support an inference that Miree acted, in some capacity, as a police agent or informant.  (Id. at 50.) While this inference is clearly more

_____

this sub-claim in his Motion for Certificate of Appealability (see doc. #221 at 6), and also did not object to the Magistrate's recommendation that a certificate be denied on this sub-claim (see doc. #227 at 4-6), the Court need not consider it further.

removed, a jury could conceivably draw the additional, more specific conclusion that Miree agreed

to, and did, solicit incriminating jailhouse statements from Hawkins. Because Miree did not testify

at trial and the trial court struck that portion of Hawkins' cross-examination raising the issue of his

alleged confession to Miree and issued a curative instruction regarding it, it is hard to imagine that

this circumstantial evidence of Miree's potential status as an active informant could have been of

much practical value to the defense. (See, e.g., doc. #216 at 49-51.) Nonetheless, the Court

concedes that reasonable jurists could disagree, particularly if they conclude that Hawkins is

entitled to relief on the first sub-claim of his Third Ground. That sub-claim, for which the

Magistrate has recommended a COA, alleges that the prosecution's reference to the alleged

confession violated Hawkins' constitutional rights in spite of the trial court's strike and curative

instruction. (See, e.g., doc. #225 at 4.) In light of the above, the Court **SUSTAINS** Hawkins'

objection and **GRANTS** a COA as to the second sub-claim of Hawkins' Third Ground for relief.

**B.      Seventh Ground (polygraph portion of first sub-claim and other sub-claims)**

Hawkins also challenges the Magistrate's recommendation that this Court deny a COA on

several sub-claims of his Seventh Ground for relief. The first challenge pertains to Hawkins' claim

that the State violated Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose that State's

witness Henry Brown had taken two or three polygraph tests and failed at least one. (See, e.g., doc.

#221 at 9, 11; doc. #227 at 6-7.) The Magistrate reasoned that no reasonable jurist could disagree

with the Court's original analysis, which noted in part that because polygraph evidence is admissible

in Ohio only by stipulation of the parties and consent of court, and Hawkins has not shown that the

prosecution and court were likely to agree to its admission, he cannot establish that its nondisclosure

materially affected the outcome of his trial. (Doc. #225 at 5-6; doc. #216 at 54.) Hawkins does not

address this critical admissibility issue in his papers (see doc. #227 at 6-7, doc. #221 at 9-13), and the Court hereby **OVERRULES** his objection.

The second challenged recommendation pertains to Hawkins' claim that the State violated Brady by failing to disclose certain allegedly inconsistent and/or favorable testimony by alternative murder suspects Howard Johnson and Robbie Burns.  (See, e.g., doc. #221 at 10; doc. #227 at 8-9.) The Magistrate reasoned that no reasonable jurist could disagree with the Court's conclusion that this conduct did not violate Brady because Hawkins has not established that the testimony shows either man was a viable alternative suspect or was otherwise exculpatory of Hawkins.  (Doc. #225 at 6; see also doc. #216 at 63 and 65-66 (citing in part Coe v. Bell, 161 F.3d 320, 345 n.4 (6th Cir. 1998).)   Upon review, the Court agrees with the Magistrate's characterizations of the cited testimony, and **OVERRULES** Hawkins' objection on this sub-claim.

Hawkins' next objection concerns his claim that the State failed to disclose a police investigation report suggesting that a blood stain found near the driver's side footrest of the victim's car "was in fact a shoe print in blood."  (Doc. #227 at 9; see also doc. #221 at 11-12.)  The Magistrate reasoned that no reasonable jurist could disagree with the Court's conclusion that–in light of other evidence presented at trial indicating the blood came from a shoe print, and also that shoes taken from Hawkins' house tested negative for blood–this particular report was not materially exculpatory of Hawkins.  (Doc. #225 at 6; see also doc. #216 at 66-67.)  Nor, in light of the other evidence on Henry Brown, does it appear to materially impeach witness Henry Brown's testimony that "after the killings Hawkins drove the victims' car away."  (Doc. #227 at 9; doc. #221 at 12.) Again, the Court concurs with the Magistrate and **OVERRULES** Hawkins' objection.

Hawkins' final objection with respect to his Seventh Ground for relief pertains to his claim

that the prosecution violated Brady by failing to disclose investigation reports indicating that blood

spatters were found on the front passenger side window of the victims' car.  (Doc. #227 at 9-10.)

Hawkins argues that this evidence would have materially impeached Brown's testimony that

Marteen was shot in the driver's seat rather than the front passenger seat.[9]  (Id.)  Hawkins did not

articulate this specific argument in his initial motion seeking to appeal his Seventh Ground (doc.

#221), so it is hardly surprising that–as Hawkins notes–the Magistrate's R&R does not address it.

(Doc. #225 at 6; doc. #227 at 9-10.)  To the extent Hawkins' objection is properly before the Court,

the Court finds that no reasonable jurist could disagree with its conclusion, in its July 2005 order

---

[9] Hawkins' Request for Certificate of Appealability (doc. #221) and Objections (doc. #227) include the following, related argument:

> The State also suppressed physical evidence and statements which conflict with Henry Brown's trial testimony, including Hawkins' coming in the left door with a gun in his left hand (Doc. #163, Evidentiary Hearing at 92-94) when, in fact, Hawkins is right-handed. (Doc. #172.)  Brown's statements about the shooting of Diamond Marteen were inherently incredible as Brown had Hawkins reaching around Marteen, who is purportedly trying to get out through the front passenger seat – in which Brown is sitting – and Hawkins reaches around Marteen to shoot him a half inch in front of Marteen's left ear so that the bullet lodges in the passenger's side headrest. (Doc. #163, Evidentiary HeaRing at 98-99; 96.)  At trial Brown denied that he had seen Hawkins shoot Diamond Marteen.  Carriger [v. Stewart, 132 F.3d 463 (9th Cir. 1997)] requires that this material evidence should have been produced. Without disclosure of this Brady material, defense counsel could not properly examine Brown, and the jury was left with partial evidence.  This failure to disclose denied Hawkins [*sic*] of a fair trial.

(Doc. #221 at 12; see also doc. #227 at 10.)  While Hawkins now characterizes this "reach-around" argument as a sub-claim of his Seventh Ground for Relief, it was not presented in the Seventh Ground of his Amended Petition except in the context of the blood spatter evidence discussed above. (See doc. #62 at 45, 47.)  The left hand issue does not appear to have been raised prior to the evidentiary hearing on Hawkins' Twenty-Fifth Ground, which cross-references the Seventh.  (See doc. #194 at 20.)  In any event, because Hawkins did not include this claim in his Amended Petition (doc. #62), he is not entitled to a Certificate of Appealability on it.

7

denying Hawkins' petition on this ground, that the exclusion of the spatter report was not material because the State presented other physical evidence at trial that seriously undermined this portion of Browns' testimony in the same manner as the spatter evidence.  (See doc. #216 at 67 (discussing Jeff Schaefer's testimony, for the State, that a projectile was taken from the front passenger's seat)).  Hawkins' objection as to this sub-claim is therefore **OVERRULED**.

### C.       Twenty-Fifth Ground

Hawkins also opposes the Magistrate's recommendation that the Court deny Hawkins a COA on his Twenty-Fifth Ground for relief, which argued that prosecutors withheld information on State's witness Henry Brown that the defense could have used to impeach Brown, violating Brady, and also improperly vouched for Brown's credibility at trial.  (Doc. #227 at 11-14; see also doc. #221 at 15-19.)  Hawkins challenges the prosecution's failure to disclose juvenile charges included in Brown's immunity grant, as well as of certain inconsistent pre-trial statements by Brown.[10]  (Doc. #227 at 11-14; see also doc. #221 at 15-19.)  Hawkins also challenges what he characterizes as the prosecution's "vouching" for Brown during voir dire.  (Doc. #227 at 12-13; see also doc. #221 at 16-17.)  He generally asserts that because prosecutors knew Brown had lied in the past and did not know what he would testify to at trial, they violated their affirmative duty to correct any false impressions Brown may have created for the jury and perjured themselves by allowing Brown to testify as he did.  (Id.)

The Magistrate concluded that with the possible exception of Brown's juvenile records–an issue on which the Magistrate recommends a COA in connection with Hawkins' Seventh and

---

[10] Hawkins also challenges the nondisclosure of information on Brown's polygraph tests under his Twenty-Fifth Ground. (See, e.g., doc. #221 at 18.) The Magistrate and Court have already addressed this issue in the context of Hawkins' Seventh Ground, discussed supra at Part II.B.

Twenty-Seventh Grounds (see doc. #225 at 5, 8)–no reasonable jurist could conclude loss of the undisclosed information materially undermined the defense's ability to cross-examine Brown. (Doc. #225 at 7-8.)  The Magistrate reasoned that the prosecution discharged their duty to correct false statements by informing the jury "from voir dire forward" that Brown had been known to lie.  (Doc #225 at 7.)  Indeed, as the Court noted in its Order denying Hawkin's petition on this ground, during voir dire the prosecution stated several times that Brown had lied or made inconsistent statements in the past, and invited venirepersons to draw their own conclusions as to Brown's credibility. (Doc. #216 at 54-57.)  The Court also noted that because defense counsel did not contemporaneously object to two statements that most resemble vouching, the comments are subject only to plain error review under Ohio law.  (Id. at 55-56 (discussing statement that "Brown's gonna come in I believe and tell what really happened, okay?" and second similar statement to effect that prosecutor "did not think Brown would perjure testimony" at trial).)

On review, the Court agrees with the Magistrate that no reasonable jurist could conclude that the nondisclosure of certain prior inconsistent statements by Brown was material in light of the prosecution's comments above and other negative information on Brown presented at trial.  Nor, in light of the strict standards governing habeas relief on grounds of prosecutorial misconduct, could a reasonable jurist disagree with the Court's conclusion that the prosecution's alleged vouching–in the context of the other voir dire statements above, and the other evidence at trial–was not egregious enough to entitle Hawkins to relief.  (See doc. #216 at 55-56 (discussing in part Angel v. Overberg, 682 F.2d 605, 608 (6th Cir. 1982).)  Hawkins' objections as to these sub-claims are **OVERRULED**.

**D.    Twenty-Sixth Ground**

9

Last, Hawkins opposes the Magistrate's recommendation that the Court deny a COA on

Hawkins' Twenty-Sixth Ground for relief, in which Hawkins claims that his due process rights were

violated when a presentence report was ordered, and considered by the trial judge in sentencing,

without his or his counsel's knowledge.  (Doc. #227 at 14-16; see also doc. #221 at 19-23.)  The

Court denied Hawkins' habeas petition as to this sub-claim because it concluded Hawkins could not

establish sufficient prejudice to overcome his procedural default of this claim, noting that the trial

jury recommended, and the Ohio appellate courts upheld, Hawkins' capital sentence *without*

consulting the unauthorized report.  (Doc. #216 at 48.)  The Magistrate has reasoned that no

reasonable jurist could disagree with the Court's conclusion.  (Doc. #225 at 8.)

In his opposition, Hawkin attempts to link the trial judge's reliance on the unauthorized

report to his defense counsel's failure to develop or put on mitigating evidence during the sentencing

phase of his trial.  (Doc. #227 at 14-16).  The failure to put on mitigating evidence is the one issue

on which this Court granted Hawkins' habeas petition.  (See doc. #216 at 95-97 (granting Hawkins'

Second Ground for relief).)  Hawkins now suggests that if the absence of mitigating evidence was

prejudicial enough to entitle him to habeas relief, the consideration of the report was equally

prejudicial.  (Doc. #227 at 14-16.)  This analogy, however, obscures important contrasts in the

procedural posture and import of each claim.  As a threshold matter, Hawkins' mitigation claim was

not procedurally defaulted, so Hawkins did not need to establish cause and prejudice[11] to obtain

habeas relief on that claim.  (See Doc. #216 at 89-90.)  Moreover, even assuming *arguendo* that the

absence of mitigation evidence was prejudicial enough to Hawkins that he *could* have overcome any

---

[11] The "prejudice" referenced in the court's order refers to the prejudice prong of the constitutionally ineffective assistance of counsel test of Strickland v. Washington, 466 U.S. 668 (1984).  (See doc #216 at 95-97.)

10

procedural default bar as to that claim – a question the Court did not decide – it would not necessarily follow that the trial judge's consideration of the presentence report was equally prejudicial.  The absence of mitigating evidence arguably influenced both the jury and trial judge, while the report (never disclosed to the jury) could only have influenced the judge.  If a jury armed with mitigation evidence had failed to recommend a death sentence, the trial judge could not have departed upwards to death even if the presentence report had persuaded him this was the more appropriate punishment.  See Ring v. Arizona, 536 U.S. 584 (2002) (requiring jury to find, beyond a reasonable doubt, any aggravating fact increasing the statutory maximum sentence from life imprisonment to death).  Therefore, there is no colorable argument that the unlawful presentence report had an *independent* effect–over and above the potential effect of his counsel's failure to present mitigation evidence–on Hawkins' sentence.  Hawkins' objection is **OVERRULED**.

## III.    CONCLUSION

For the reasons above, the Court hereby **ADOPTS IN PART** the Magistrate's Report and Recommendation (doc. #225); **GRANTS IN PART** Petitioner's Request for Certificate of Appealability (doc. #221); and **GRANTS** Petitioner a Certificate as to the first and second sub-claims of his Third Ground; his Fourth Ground; the portion of the first sub-claim of his Seventh Ground pertaining to the nondisclosure of information (other than polygraph information) about State's witness Henry Brown; and his Eleventh and Twenty-Seventh Grounds. Petitioner's Request is **DENIED** with respect to the remaining portions of his Third and Seventh Grounds and his Twenty-Fifth and Twenty-Sixth Grounds.

IT IS SO ORDERED.

___s/Susan J. Dlott__

Susan J. Dlott
United States District Judge